# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

EDWARD KRASIL,

               Plaintiff,

         v.

BRIAN BETZE *et al.*,

               Defendants.

Civil Action No. 22-6914 (MAS) (RLS)

**MEMORANDUM ORDER**

This matter comes before the Court on several motions filed by Plaintiff Edward Krasil ("Plaintiff"). First, Plaintiff filed a Motion for Reconsideration of Preliminary Injunction on December 26, 2022. (ECF No. 24.) Defendants Brian Betze ("Betze"), Molly Avery ("Avery"), Curtis Wyers ("Wyers"), and Edward Vincent (together, "Defendants") opposed (ECF Nos. 25, 26), and Plaintiff replied (ECF No. 27). Defendants[1] filed a Motion to Dismiss. (ECF No. 29.) In response, Plaintiff filed a Motion for a More Definite Statement on January 9, 2023 (ECF No. 33) and a Motion to Strike on January 16, 2023 (ECF No. 32). Defendants[2] opposed. (ECF Nos. 34, 35.) Plaintiff next filed a Motion for Declaratory Judgment on January 20, 2023 (ECF No. 36), and Defendants[3] opposed (ECF No. 38). Plaintiff then filed a Second Motion for Emergency Preliminary Injunction on January 23, 2023. (ECF No. 37.) Defendants opposed. (ECF Nos. 39, 40.) The Court has carefully considered the parties' submissions and decides the matter without

---

[1] Defendants Burke, Avery, and Wyers filed the Motion to Dismiss.

[2] Defendants Burke, Avery, and Wyers opposed.

[3] Defendants Burke, Avery, and Wyers opposed.

oral argument pursuant to Local Civil Rule 78.1. The Court addresses the merits of each motion below.

Motions for reconsideration are governed by Local Civil Rule 7.1(i). This rule provides that such a motion "shall be served and filed within 14 days *after the entry of the order or judgment* on the original motion." L. Civ. R. 7.1(i) (emphasis added). Here, Plaintiff has filed a Motion for Reconsideration without the entry of an order or judgment on the original motion.[4] The Motion for Reconsideration is, accordingly, denied.

Plaintiff's Motion for a More Definite Statement also fails. Federal Rule of Civil Procedure 12(e) allows a party to move for a more definite statement if a "*pleading* . . . is so vague or ambiguous that the party cannot reasonably prepare a response." Fed. R. Civ. P. 12(e) (emphasis added).[5] Here, Plaintiff did not file the Motion in response to a pleading but, rather, to a Motion to Dismiss. (*See* Pl.'s Moving Br. 1, ECF No. 33 ("Plaintiff . . . moves this Court for an order requiring Defendants . . . to provide a more definite statement of their [Motion to Dismiss, ECF No. 29]").) A motion to dismiss is not a pleading. *See* Fed. R. Civ. P. 7 (listing the types of pleadings and motions). The Motion for a More Definite Statement is, therefore, improper and denied.

Plaintiff attempts to respond to Defendant's Motion to Dismiss with two other motions: (1) a Motion to Strike (Mot. to Strike, ECF No. 32); and (2) a Motion for Declaratory Judgment (Mot. for Decl. J., ECF No. 36). Both of these motions are improper responses to a motion to

---

[4] In fact, Plaintiff filed his Motion even before the deadline elapsed for Defendants to file their opposition to the original Motion for Preliminary Injunction. (*See* ECF No. 22 (setting the briefing schedule with "opposition due 12/28/2022").)

[5] Hereinafter, all references to "Rule" and "Rules" refer to the Federal Rules of Civil Procedure.

dismiss. *First*, Plaintiff moves the Court to strike Defendants' Motion to Dismiss in its entirety (Mot. to Strike 1) and "to declare reasons used by [D]efendants' affirmative defense . . . in their [Motion to Dismiss] as treasonous to Article IV, Section 4 of the United States Constitution" (Mot. for Decl. J. 1). Rule 12(f) allows the Court to "strike from a *pleading* an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f) (emphasis added). As noted previously, Defendants' Motion to Dismiss is not a pleading, and the Motion to Strike is, therefore, improper. *See* Fed. R. Civ. P. 7. *Second*, it seems that Plaintiff is attempting to use the Motion for Declaratory Judgment as a Motion to Strike what Plaintiff characterizes as Defendants' "affirmative defense" (Mot. for Decl. J. 1); Defendants' Motion to Dismiss, however, does not contain affirmative defenses and is not a pleading, so the Motion for Declaratory Judgment is also improper. Out of an abundance of caution, in case either of these motions was an attempt at opposing Defendants' Motion to Dismiss, the Court will grant Plaintiff leave to file a proper opposition to Defendants' Motion to Dismiss. The Court, accordingly, denies the Motion to Strike and the Motion for Declaratory Judgment.

Plaintiff also filed a Second Motion for Emergency Preliminary Injunction. (ECF No. 37.) In this Motion, Plaintiff first seeks to prohibit Defendants from destroying or altering any records related to Plaintiff or the ongoing matter. The Court does not need to mandate the preservation of records as Defendants are already under a duty to preserve evidence reasonably foreseeable for use in the ongoing litigation. *See Bull v. United Parcel Serv., Inc.*, 665 F.3d 68, 73 (3d Cir. 2012) (finding that the plaintiff had a reasonably foreseeable duty to preserve documents relevant to the case's claims and defenses). Second, Plaintiff seeks to stop enforcement of Defendants' "Bag Rule," which is the exact subject of Plaintiff's original Motion for Emergency Preliminary Injunction. (ECF No. 3.) The parties have fully briefed their arguments as of December 30, 2022,

according to the schedule set forth in the motion conference held by the Court (*see* ECF No. 22) and will be addressed by the Court in its decision regarding the original motion. The Court, thus, denies Plaintiff's Second Motion for Emergency Preliminary Injunction.

In addition, Plaintiff filed a Motion for Summary Judgment. (ECF Nos. 41 and 44 (corrected version)). The Motion is premature and fails to comply with Local Civil Rule 56.1.

Finally, the Court notes that Plaintiff has filed seven motions since the conference with the Court held on December 21, 2022. (*See* ECF Nos. 24, 32, 33, 36, 37, 41 and 44 (corrected motion), and 47.) Plaintiff is reminded that despite filing pro se, he must abide by the same procedural rules that apply to all other litigants. *Mala v. Crown Bar Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013). Plaintiff is under the obligations set forth in Rule 11 which require an unrepresented party to certify to the best of their knowledge "the claims, defenses, and other legal contentions *are warranted by existing law or by a nonfrivolous argument* for extending, modifying, or reversing existing law or for establishing new law." Fed. R. Civ. P. 11(b)(2) (emphasis added). The Court also recognizes the well-established obligation to liberally construe a pro se litigant's pleadings. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). The Court notes, however, that filing with an undisclosed ghostwriter presents an unfair advantage to pro se litigants under these less stringent standards. *See Delso v. Trs. for Ret. Plan for Hourly Emps. of Merck & Co.*, No. 04-30039, 2007 WL 766349, at *18 (D.N.J. 2007) (finding that undisclosed ghostwriting of submissions to the court would result in an undue advantage to the purportedly pro se litigant, as well as violate the spirit of Rule 11). The Court advises Plaintiff to take these obligations into account when filing further motions.

**IT IS** on this 14th day of February 2023, **ORDERED** as follows:

1. Plaintiff's Motion for Reconsideration of Preliminary Injunction (ECF No. 24) is **DENIED**.

2. Plaintiff's Motion for a More Definite Statement (ECF No. 33) is **DENIED**.

4

3.  Plaintiff's Motion to Strike (ECF No. 32) is **DENIED**.

4.  Plaintiff's Motion for Declaratory Judgment (ECF No. 36) is **DENIED**.

5.  Plaintiff's Second Motion for Emergency Preliminary Injunction (ECF No. 37) is **DENIED**.

6.  Plaintiff's Motion for Summary Judgment (ECF Nos. 41 and 44) is **DENIED**.

7.  Plaintiff is permitted to file a response in opposition to Defendants' Motion to Dismiss (ECF No. 29) within seven (7) days of this Order.

MICHAEL A. SHIPP
UNITED STATES DISTRICT JUDGE

5